UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT A. TURNER,        )
                         )
    Movant,              )
                         )
vs.                      )   Case No. 4:07-CV-1586 (CEJ)
                         )
UNITED STATES OF AMERICA,)
                         )
    Respondent.          )

### MEMORANDUM

This matter is before the Court on the motion of Robert A. Turner to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has filed a response in opposition to the motion and the issues are fully briefed.

I. **Background**

On June 12, 2006, Robert A. Turner pleaded guilty to one count of possession with intent to distribute marijuana (Count I), in violation of 21 U.S.C. § 841(b)(1)(D), and one count of possession of a firearm in furtherance of a drug trafficking crime (Count III), in violation of 18 U.S.C. § 924(c). On September 8, 2006, Turner was sentenced to a term of 30 months' imprisonment on Count I and a mandatory consecutive term of 60 months' imprisonment on Count III. Turner did not appeal the judgment.

II. **Discussion**

In his motion, Turner asserts the following claims: (1) lack of jurisdiction over the offenses of conviction; (2) denial of effective assistance of counsel; (3) prosecutorial misconduct; and (4) unconstitutionality of Titles 18 and 21, United States Code.

### A. Jurisdiction and Constitutionality of Statutes

Turner asserts that the Court lacked jurisdiction over his offenses because there was no proof that the State of Missouri ceded the land on which the offenses occurred to the United States of America. This claim is without merit. Title 18 U.S.C. § 3231 vests jurisdiction in the district courts "over all offenses against the laws of the United States." Philyaw v. United States, 1993 WL 261972 at *1 (8th Cir. 1993) (unpublished opinion) (citing United States v. Rosnow, 977 F.2d 399, 412 (8th Cir. 1992)). Jurisdiction conferred by § 3231 does not depend on whether the offense was committed on land controlled or owned by the federal government.

It is firmly established that 21 U.S.C. § 841 and 18 U.S.C. § 924 (c)(1) are valid exercises of congressional power under the Commerce Clause. United States v. Bell, 90 F.3d 318, 321 (8th Cir. 1996) ("It is beyond question that the activity § 841(a)(1) seeks to criminalize---the production and distribution of controlled substances---substantially affects interstate commerce."); United States v. Brown, 72 F.3d 96, 97 (8th Cir. 1995) (Commerce Clause challenge to § 924(c) rejected because defendant's firearm conviction was based on a 21 U.S.C. § 841(a)(1) drug trafficking offense, which involved activity that substantially affected commerce); United States v. Walker, 142 F.3d 103, 111 (2nd. Cir. 1998) ("[T]he legislative declarations in Title 21 are applicable to crimes of violence and drug trafficking on the whole . . . [and] we find that § 924(c)(1) regulates an economic activity that substantially affects interstate commerce and, as such, is a valid exercise of Congressional power under the Commerce Clause."). Thus, Turner's challenge to the constitutionality of the statutes under which he was convicted is without merit.

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty, but instead would have proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Davis, 583 F.3d 1081, 1091 (8th Cir. 2009); United States v. Nesgoda, 559 F.3d 867, 870 (8th Cir. 2009). The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

In support of his ineffective assistance claim, Turner asserts that defense counsel: (1) failed to challenge federal jurisdiction; (2) failed to disclose the government's memorandum in opposition to a variance at sentencing; (3) failed to object to aspects of the Presentence Investigation Report (PSR); (4) committed unspecified breaches of the plea agreement; (5) committed instances of "constitutional avoidance"; (6) breached her fiduciary duty; (7) failed to disclose the conflict of interest that arose by virtue of the fact that she and the prosecutor were both "bar licensed"; (8) was not allowed, due to the conflict of interest, to disclose the facial or fatal defects in the charging instruments; (9) failed to satisfy the standards required by her oath and the American Bar Association; (10) disclosed unspecified attorney-client privileged information; (11) failed to review, investigate, produce and introduce unspecified evidence; (12) misled Turner into pleading guilty and, through "fraud,

creating bonds [and] identity theft," led him into default judgment; (13) failed to challenge the legality and constitutionality of the United States Sentencing Guidelines; (14) failed to call an expert witness; (15) failed to speak when she had a legal duty to do so; (16) failed to challenge the PSR's conversion of currency to determine the quantity of marijuana; (17) failed to disclose Document 31 (see below); and (18) prevented Turner from speaking.

The Court has considered each of Turner's allegations and finds that none of them establish ineffective assistance of counsel, either because the allegation lacks factual support, or because it does not demonstrate unreasonable performance by the attorney, or both. Specifically, the record reflects that defense counsel did file objections to the PSR (#3). Turner does not show that an objection to the conversion of currency to marijuana would have been successful (#16). Moreover, defense counsel is not obligated to assert objections that may result in a breach of the parties' plea agreement. The record also reflects that defense counsel spoke on Turner's behalf at all court proceedings, and that Turner was given the opportunity to speak at sentencing (## 15, 18). Defense counsel's bar licensure did not create a conflict of interest (7). Because the jurisdictional and constitutional challenges Turner makes here are without merit, defense counsel had no duty to assert them (#1). Turner does not identify the constitutional deficiencies in the Sentencing Guidelines or the defects in the indictment that his attorney should have challenged (## 8, 13). Turner does not explain why the testimony of an expert witness, Dr. Armour, was necessary in light of the fact that defense counsel had already submitted Dr. Armour's report of the psychological evaluation he conducted. Armour (#14). The allegations of attorney misconduct that Turner asserts in ##4, 5, 6, 9, 10, and 11 are too vague to support a claim of ineffective assistance.

Turner's claim that he was misled into pleading guilty (#12) is belied by the record. In the change of plea proceedings, Turner stated in writing and under oath that he understood (1) the charges against him, (2) his right to a jury trial, (3) his right to confront and cross-examine witnesses, (4) his right to be protected from compelled self-incrimination, (5) his right to testify, to present evidence and to compel the attendance of witnesses, and (6) the potential penalties he faced at sentencing. See Fed. R. Crim P. 11(b). Turner testified that he was satisfied with the legal representation provided by his attorney, that he had reviewed and understood the contents of the plea agreement, and that he was pleading guilty voluntarily.

Prior to sentencing, defense counsel filed a memorandum requesting a variance from the guideline range applicable to Count I. The United States filed a memorandum in opposition. In his motion to vacate, Turner refers to the government's memorandum as "Document 31." Defense counsel's failure to provide him with a copy of Document 31 is one of the bases for his ineffective assistance claim (# 17). It is undisputed that defense counsel received a copy of Document 31 and had the opportunity to address it at the sentencing hearing. Additionally, the arguments the government made in Document 31 were the same as those made at the sentencing hearing. Defense counsel argued vigorously for a downward variance, in spite of the government's opposition. Her failure to provide a copy of the document to Turner did not fall below an objective standard of reasonableness.

Even if Turner's allegations did establish performance below an objectively reasonable level, his claim of ineffective assistance would still fail for lack of the requisite showing of prejudice.[1] Turner makes no showing of a reasonable probability

---

[1] The indictment included a felon in possession of a firearm charge (Count II), which the government moved to dismiss at sentencing. Had Turner proceeded to trial, Count II would not have been dismissed and Turner's sentencing exposure would

that, but for his attorney's alleged errors, he would have proceeded to trial.

The Court concludes that Turner cannot establish either that he received constitutionally-inadequate representation or that he suffered any prejudice. Turner's ineffective assistance claims will be denied.

### C. Prosecutorial Misconduct

Turner asserts that: (1) he was the target of vindictive prosecution; (2) the prosecutor failed to disclose Document 31; (3) the prosecutor made a malicious statement in Document 31; (4) the prosecutor breached the plea agreement; (5) there was an improper variance from the indictment; (6) the prosecutor committed fraud on the Court "through material misrepresentation as to status of licensed attorney;" (7) the prosecutor violated the ban on bills of attainder; and (8) the prosecutor violated ethical rules by failing to disclose that defense counsel must seek a release from the court to become proper effective counsel.

As noted above, Document 31 was filed before the sentencing hearing and, as such, it was disclosed by the government. In a footnote was a statement that Turner had been "drinking beer and inhaling cocaine prior to the robbery." It is undisputed that this statement was incorrect----there was no evidence of Turner's intoxication at the time of the arrest, and he was not charged with robbery. The inclusion of this statement, without more, does not establish prosecutorial vindictiveness or malice. Further, the error had no impact on the disposition of this case. Turner's remaining allegations of prosecutorial misconduct are so lacking in specificity that they cannot support a claim for relief.

### III. Conclusion

---

have been greater.

For the foregoing reasons, the Court concludes that Turner has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Turner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability.  See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2010.